# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEANGELO GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00139-WTL-DKL |
| | ) | |
| PUTNAMVILLE CORRECTIONAL | ) | |
| FACILITY, | ) | |
| CORIZON HEALTH, | ) | |
| NAVEEN RAJOLI, | ) | |
| LOLIT JOSEPH, | ) | |
| BRYAN BULLER, | ) | |
| HOUMAN KIANI, | ) | |
| CONNIE ALLEN, | ) | |
| ALEXANDREA WARREN, | ) | |
| MIKE NATALIE, | ) | |
| MELISA TUCKER, | ) | |
| FARRAH BUNCH, | ) | |
| KAYLA MCDERMIT, | ) | |
| GRAHAM MOORE, | ) | |
| THERESA STRAW, | ) | |
| REBECCA NISPEL, | ) | |
| DEBORAH WHITE, | ) | |
| BECKY HALL, | ) | |
| KATHY EDRINGTON, | ) | |
| JESSICA HIRT, | ) | |
| ANN PELL, | ) | |
| ALISIA LAWRENCE, | ) | |
| ELESHA HILDAGO, | ) | |
| DEAN TREASH, | ) | |
| DAVID MICKELS, | ) | |
| K. KUMERAN, | ) | |
| KIRKLAND Lt., | ) | |
| GOSS Lt., | ) | |
| LYTLE Officer, | ) | |
| GREENWELL Officer, | ) | |
| MOOTHERLY Sgt., | ) | |
| SAURO Sgt., | ) | |
| ELMORE Sgt., | ) | |
| HUGHETT Sgt., | ) | |
| HOWARD LEWIS, | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status, Discussing Complaint, and Directing Plaintiff to File Amended Complaint**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 1] is **granted.** The assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

**A. Background**

Plaintiff Deangelo Gaines ("Mr. Gaines"), an inmate at the Putnamville Correctional Facility ("Putnamville"), brings this action pursuant to 42 U.S.C. § 1983 raising a number of claims alleging that Corizon Health ("Corizon") and individual defendants were deliberately indifferent to his serious medical needs and violated his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("Rehab Act") during his incarceration at Putnamville. The Court also discerns the complaint as asserting a claim under the Equal Protection Clause of the Fourteenth Amendment.

The complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Based on this screening, certain claims must be dismissed. One claim has been improperly joined in this action and the plaintiff will be directed to notify the Court if he wishes to pursue that claim in a separate action.

**B. Allegations and Claims**

Mr. Gaines alleges that he is disabled, having a seizure disorder and chronic back pain. He alleges that his seizure disorder impairs him in several major activities of daily living, including walking, sleeping, lifting, bending, sitting, and concentrating. The complaint sets out six claims:

1) Claim 1 – Mr. Gaines alleges that Corizon has a practice and/or custom of not providing seizure helmets to inmates with seizure disorders. He further alleges that from January 14, 2013, when he arrived at Putnamville, until October of 2015, he was denied a helmet. He alleges that his requests for a seizure helmet were denied from January 14, 2013, until June of 2013, by defendants nurse Kathy Edrington, Dr. Rajoli, N.P. Connie Allen, and Dr. Lolit Joseph. Mr. Gaines further alleges that defendants N.P. Alexandra Warren; Mike Natalie, Melissa Tucker, Farrah Bunch, Nurse Kayla McDermit, Nurse Graham Moore, and L.P.N. Deborah White also denied his requests to obtain a seizure helmet. The time frame these requests were made within is not specified. All defendants are alleged to have been deliberately indifferent to his serious medical needs. He was provided a seizure helmet in October of 2015.

2) Claim 2 - Mr. Gaines alleges that Corizon has a policy that prevents him from receiving a permit to be housed only on the ground floor at Putnamville. The upper level general population housing units are only accessible by stairs. Mr. Gaines' seizure disorder creates a serious risk of harm walking up and down stairs. He experiences grand mal seizures which are characterized by a loss of consciousness and convulsive seizures. He has sustained injuries from seizures that he has had while on the stairs of dorm 16 North. He was given a "no stairs"

designation while at the Reception Diagnostic Center, but Corizon and Putnamville staff including Farrah Bunch, Ann Pell, Kathy Edrington, Alexandra Warren, Kayla McDermit, Officer Lytle, K. Kumaran, Howard Lewis, Elesha Hildago, Sgt. Elmore, Sgt. Mootherly, Sgt. Sauro, and Officer Greenwell have denied and been deliberately indifferent to his request to be housed on the ground floor. Several nurses have ordered a bottom dorm pass, but Corizon policy makes seizure patients not eligible for a permit.

3) Claim 3 – Mr. Gaines alleges that Corizon has a policy that prevents inmates who experience seizures from being approved to use the elevator. Mr. Gaines alleges that he has been denied access to the elevator when needing to go to the mental health offices in the basement of Complex 1, despite the defendants knowing that he has grand mal seizures. He brings this claim of deliberate indifference against Corizon, Lt. Kirkland, Lt. Goss, David Mikels, and nurse Farrah Bunch.

4) Claim 4 - Mr. Gaines alleges that Corizon has a policy that caused its employees to discontinue medication he needed for back pain. Dr. Houman Kiani ordered that Neurontin be discontinued in September 2015. Dr. Buller also denied nurse Bunch's request to restart Mr. Gaines on the Neurontin. This claim of deliberate indifference is brought against Corizon, Dr. Kiani, Dr. Buller, Farrah Bunch, Karla McDermitt, and Kari Pierce.

5) Claim 5 - Mr. Gaines alleges that Alisia Lawrence, the ADA Coordinator has denied his requests for reasonable accommodations in the form of the seizure helmet, use of the elevator, and housing on the bottom floor. The Court construes this claim as alleging violations of the ADA and Rehab Act.

6) Claim 6- Mr. Gaines alleges that Corizon and its employees nurse Farrah Bunch, Alisia Lawrence and Putnamville arbitrarily treat seizure sufferers differently than inmates with

other disabilities in violation of the Eighth Amendment's "cruel and unusual punishment" clause. This claim is also treated as an equal protection claim.

Mr. Gaines seeks compensatory, punitive, and nominal damages for each claim.

### C. Insufficient Claims

Putnamville is a building, not a "person" suable under 42 U.S.C. § 1983. Any claims against Putnamville is **dismissed for failure to state a claim upon which relief can be granted.**

The applicable statute of limitations is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (applying Indiana's two-year statute of limitations for personal injury actions to section 1983 claims). A Court may dismiss a claim or complaint on the basis of a limitations defense "when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006). Mr. Gaines alleges that from January 2013 through June 2013, defendants Edrington, Dr. Rajoli, Connie Allen, and Dr. Joseph denied his requests for a seizure helmet. The undated complaint was filed on April 25, 2016, approximately three years after these incidents occurred. The portion of Claim 1 that relates to conduct that occurred before April 25, 2014, is **dismissed as untimely.**

The Court discerns no allegations of wrongdoing against Kari Pierce nor is she listed as a defendant in the caption of the complaint. Mr. Gaines missed an appointment to see Ms. Pierce but there is no allegation of any action taken by her. Any claim against Kari Pierce is **dismissed for failure to state a claim upon which relief can be granted.**

Although their names appear in the caption, there are no specific allegations of wrongdoing alleged against defendants Theresa Straw, Rebecca Nispel, Becky Hall, Jessica Hirt, Dean Treash, and Sgt. Hughett. Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a

system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Any claims against the defendants Theresa Straw, Rebecca Nispel, Becky Hall, Jessica Hirt, Dean Treash, and Sgt. Hughett are **dismissed for failure to state a claim upon which relief can be granted.**

### D. Combined Claims

The Court discerns that Claims 5 ("ADA" and "Rehab Act" claims) and 6 (equal protection) are properly joined with Claims 1, 2, and 3. These five claims shall proceed in this action.

### E. Misjoined Claim

The remaining claim, Claim 4, is misjoined. Directions concerning this claim will be issued in a separate Entry.

### III. Directing Plaintiff to File Amended Complaint

A large portion of Claim 1 is time-barred. The allegations in Claim 1 are not clear, however, as to who denied Mr. Gaines' requests for a seizure helmet after April 25, 2014. The Court will not direct service of process until it is more clear which defendants personally participated in wrongdoing during the relevant time period.

Mr. Gaines shall have **through June 15, 2016,** in which to **file an amended complaint.** The amended complaint will replace the original complaint in its entirety, so it must be complete. It shall include all of Mr. Gaines' claims with the exception of Claim 4, which does not belong in this lawsuit. The amended complaint shall also clarify the time frames during which and by whom Mr. Gaines' requests for a seizure helmet were denied by individuals who were aware of his history of seizures.

Once the amended complaint is filed, the Court will screen it and direct service of process on the viable defendants.

**IT IS SO ORDERED.**

Date: 5/16/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEANGELO GAINES
979115
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.