# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEANGELO GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00139-WTL-DKL |
| | ) | |
| PUTNAMVILLE CORRECTIONAL FACILITY, | ) | |
| CORIZON HEALTH, | ) | |
| NAVEEN RAJOLI, | ) | |
| LOLIT JOSEPH, | ) | |
| BRYAN BULLER, | ) | |
| HOUMAN KIANI, | ) | |
| CONNIE ALLEN, | ) | |
| ALEXANDREA WARREN, | ) | |
| MIKE NATALIE, | ) | |
| MELISA TUCKER, | ) | |
| FARRAH BUNCH, | ) | |
| KAYLA MCDERMIT, | ) | |
| GRAHAM MOORE, | ) | |
| THERESA STRAW, | ) | |
| REBECCA NISPEL, | ) | |
| DEBORAH WHITE, | ) | |
| BECKY HALL, | ) | |
| KATHY EDRINGTON, | ) | |
| JESSICA HIRT, | ) | |
| ANN PELL, | ) | |
| ALISIA LAWRENCE, | ) | |
| ELESHA HILDAGO, | ) | |
| DEAN TREASH, | ) | |
| DAVID MICKELS, | ) | |
| K. KUMERAN, | ) | |
| KIRKLAND Lt., | ) | |
| GOSS Lt., | ) | |
| LYTLE Officer, | ) | |
| GREENWELL Officer, | ) | |
| MOOTHERLY Sgt., | ) | |
| SAURO Sgt., | ) | |
| ELMORE Sgt., | ) | |
| HUGHETT Sgt., | ) | |
| HOWARD LEWIS, | ) | |
| Defendants. | ) | |

**Entry Screening Amended Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

**I. Screening**

**A. Background**

Plaintiff Deangelo Gaines ("Mr. Gaines"), an inmate at the Putnamville Correctional Facility ("Putnamville"), brought this action on April 25, 2016, pursuant to 42 U.S.C. § 1983 against Corizon Health ("Corizon") and a number of individual defendants. He alleges that the defendants were deliberately indifferent to his serious medical needs, retaliated against him, denied his equal rights, and violated his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("Rehab Act") during his incarceration at Putnamville. His constitutional claims are brought under the First, Eighth, and Fourteenth Amendments to the United States Constitution. He filed an amended complaint on June 8, 2016.

The amended complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**B. Allegations and Claims**

Mr. Gaines alleges that he is disabled, having a seizure disorder and chronic back pain. He alleges that his seizure disorder impairs him in several major activities of daily living, including walking, sleeping, lifting, bending, sitting, and concentrating. The amended complaint sets out five claims:

1) Claim 1 – **Deliberate Indifference (Seizure Helmet)** - Mr. Gaines alleges that Corizon has a practice and/or custom of not providing seizure helmets to inmates with seizure disorders. He further alleges that from January 14, 2013, when he arrived at Putnamville, until October of 2015, he was denied a helmet. He alleges that his requests for a seizure helmet were denied from April 2014 until June 2015 by defendants nurse Kathy Edrington, Dr. Lolit Joseph, Nicholas Osborne, Dr. Michael Aluker, N.P. Alexandra Warren, Mike Natalie, Melissa Tucker, Farrah Bunch, Nurse Kayla McDermit, Nurse Graham Moore, L.P.N. Deborah White, Jessica Hirt, Peggy McWhirter, Tammy Owen, Barry Cleveland, Kari Pierce, and Cassandra Felix. All defendants are alleged to have been deliberately indifferent to his serious medical needs. Mr. Gaines was provided a seizure helmet in October of 2015.

2) Claim 2 - **Deliberate Indifference (Lower Floor) and Retaliation –** a) Mr. Gaines alleges that Corizon has a policy that prevents him from receiving a permit to be housed only on the ground floor at Putnamville. The upper level general population housing units are only accessible by stairs. Mr. Gaines alleges that his seizure disorder creates a serious risk of harm walking up and down stairs. He experiences grand mal seizures which are characterized by a loss of consciousness and convulsive seizures. He has sustained injuries from seizures that he has had while on the stairs of dorm 16 North. He was given a "no stairs" designation while at the Reception Diagnostic Center, but Corizon and Putnamville staff including Farrah Bunch, Ann Pell, Kathy Edrington, Alexandra Warren, Kayla McDermit, Officer Lytle, K. Kumeran, Howard Lewis, John Brush, Elesha Hildago, Sgt. Elmore, Sgt. Mootherly, Sgt. Sauro, Sgt. Hughett, and Officer Greenwell have denied and been deliberately indifferent to his request to be housed on the ground floor. Several nurses have ordered a bottom dorm pass, but Corizon policy makes seizure patients not eligible for a permit.

b) In addition to the deliberate indifference to his safety claim, Mr. Gaines alleges that defendants Officer Lytle and K. Kumeran retaliated against him for complaining in violation of his First Amendment rights.

3) Claim 3 – **Deliberate Indifference (Elevators) -** Mr. Gaines alleges that Corizon has a policy that prevents inmates who experience seizures from being approved to use the elevator. Mr. Gaines alleges that he has been denied access to the elevator when needing to go to the mental health offices in the basement of Complex 1, despite the defendants knowing that he has grand mal seizures. He brings this claim of deliberate indifference against Corizon, Lt. Kirklen, Lt. Goss, David Mikels, nurse Farrah Bunch, and Dean Treash.

4) Claim 4 – **ADA and Rehab Act -** Mr. Gaines alleges that Alisia Lawrence, the ADA Coordinator, has denied his requests for reasonable accommodations in the form of the seizure helmet, use of the elevator, and housing on the bottom floor. He alleges that these denials violate the ADA and Rehab Act. He names Putnamville as the defendant for these claims.

5) Claim 5- **Eighth and Fourteenth Amendment** (**Different Treatment of Seizure Disorders) -** Mr. Gaines alleges that medical safety equipment is provided to offenders who need wheelchairs, canes, crutches, and back braces, and that offenders who use wheelchairs or use crutches and canes or have weight issues are allowed to use the elevator and have ground floor only housing. He alleges that Corizon and its employees nurse Farrah Bunch and Alisia Lawrence arbitrarily treat seizure sufferers differently than inmates with other disabilities in violation of the Eighth Amendment's "cruel and unusual punishment" clause and the Fourteenth Amendment equal protection clause.

Mr. Gaines seeks compensatory, punitive, and nominal damages for each claim.

### C. Insufficient Claims

With respect to Claim 4, Putnamville, a building, is not a proper defendant for ADA and Rehab Act claims. Moreover, "employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. See 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). The ADA and Rehab Act claims shall proceed against Alisia Lawrence in her official capacity, which for all relevant purposes is the Indiana Department of Correction. In other words, Claim 4 shall proceed against the Indiana Department of Correction. **Any claim against Putnamville is dismissed for failure to state a claim upon which relief can be granted.**

Claim 5 contains two components: an Eighth Amendment claim and an equal protection claim under the Fourteenth Amendment. The Eighth Amendment deliberate indifference claim is duplicative of the Eighth Amendment claims brought in other claims and therefore is dismissed.

With respect to the equal protection claim, "[e]qual protection scrutiny is triggered when a regulation draws distinctions among people based on a person's membership in a suspect class or based on a denial of a fundamental right." *Sweeney v. Pence,* 767 F.3d 654, 668 (7th Cir. 2014) (internal quotations omitted). "Where disparate treatment is not based on a suspect class and does not affect a fundamental right, prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* Mr. Gaines is not similarly situated to the inmates with whom he compares himself, *i.e.,* those who are in wheelchairs or who have canes or crutches. He is not part of a suspect class. Moreover, to allow inmates who have wheelchairs or canes and crutches to use the elevator or have ground floor housing can be

conceived to have a rational basis because, unlike an inmate with a seizure disorder who is ambulatory, inmates with wheelchairs, canes, and crutches are unable or much less able to manipulate stairs. Claim 5 is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

## II.  Claims That Shall Proceed

With the change in defendant in Claim 4 noted in Part I. C. above, Claims 1 through 4 shall proceed against the named defendants. Those defendants are: 1) Corizon Health; 2) Kathy Edrington; 3) Dr. Lolit Joseph; 4) Nicholas Osborne; 5) Dr. Michael Aluker; 6) N.P. Alexandra Warren; 7) Mike Natalie; 8) Melissa Tucker; 9) Farrah Bunch; 10) Nurse Kayla McDermit; 11) Nurse Graham Moore; 12) L.P.N. Deborah White; 13) Jessica Hirt; 14) Peggy McWhirter; 15) Tammy Owen; 16) Barry Cleveland; 17) Kari Pierce; 18) Cassandra Felix; 19) Ann Pell; 20) Officer Lytle; 21) K. Kumeran; 22) Howard Lewis; 23) John Brush; 24) Elesha Hildago; 25) Sgt. Elmore; 26) Sgt. Mootherly; 27) Sgt. Sauro; 28) Sgt. Hughett; 29) Officer Greenwell; 30) Lt. Kirklen; 31) Lt. Goss; 32) David Mikels; 33) Dean Treash; 34) Alisia Lawrence; and 35) the Indiana Department of Correction.

## III. Directing Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants numbered 1 through 19 and the Indiana Department of Correction in the manner specified by Rule 4(d). Process shall consist of the amended complaint (docket 10), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk shall update the docket to reflect the current defendants listed in Part II.**

*The Litigation Liaison at Putnamville Correctional Facility is requested to accept the waiver forms for the Putnamville defendants numbered 20-34 and listed below, via email.*

**IT IS SO ORDERED.**

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  7/18/16

Distribution:

Corizon Health, 3737 N. Meridian Street, #500, Indianapolis, IN 46208

Indiana Department of Correction, 302 W. Washington Street, E334, Indianapolis, IN 46204

DEANGELO GAINES, 979115, PUTNAMVILLE CORRECTIONAL FACILITY, Inmate Mail/Parcels, 1946 West U.S. Hwy 40, Greencastle, IN 46135

>    Kathy Edrington, Dr. Lolit Joseph, Nicholas Osborne, Dr. Michael Aluker, N.P. Alexandra Warren, Mike Natalie, Melissa Tucker, Farrah Bunch, Nurse Kayla McDermit, Nurse Graham Moore, L.P.N. Deborah White, Jessica Hirt, Peggy McWhirter, Tammy Owen, Barry Cleveland,  Kari Pierce, Cassandra Felix,  Ann Pell

ALL IN CARE OF CORIZON HEALTH, 3737 N. Meridian Street, #500, Indianapolis, IN 46208

>    Officer Lytle, K. Kumeran, Howard Lewis, John Brush, Elesha Hildago, Sgt. Elmore, Sgt. Mootherly, Sgt. Sauro, Sgt. Hughett,  Officer Greenwell, Lt. Kirklen,  Lt. Goss, David Mikels, Dean Treash, Alisia Lawrence

ALL IN CARE OF LITIGATION LIAISON RUSS SPICER at    jbrush@idoc.in.gov

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**